No. 22616.

THOMAS A. BOYLE *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(428 P.2d 74)

Decided May 29, 1967.

THOMAS A. BOYLE, pro se.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY,
Deputy, PAUL D. RUBNER, Assistant, for defendant in
error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error was the petitioner in a proceeding
under Colo. R. Crim. P.35(b), contending that his rights

guaranteed under the Sixth and Fourteenth Amendments to the Constitution of the United States had been denied him in that he was not afforded advice of counsel at the time he changed his plea from "not guilty" to "nolo contendere," and that he had not made a knowledgeable and intelligent waiver of his right to counsel.

The court granted the plaintiff in error an evidentiary hearing.

■ On the record of the proceedings at the time that Boyle was arraigned and entered his plea of not guilty and on the transcript detailing the advice and warnings by the court on the change of plea to "nolo contendere" before it was accepted by the court, plus the evidence produced at the evidentiary hearing on the 35(b) petition, the court found that the petitioner had been fully advised of his constitutional rights; that he was offered counsel at every stage of the proceedings and declined the offer; and that in so doing he willfully and with full knowledge waived representation by counsel. The record amply supports the findings.

The record additionally shows defendant was scrupulously warned concerning the effect of his change of plea; that he might not get probation (though probation was in fact granted); that if he violated the provisions of his probation it could result in revocation thereof followed by sentencing to the state penitentiary. His probation was subsequently revoked. At that proceeding it appears: that Boyle had not made restitution as provided in one of the conditions of his probation; that he had gone on extended drinking sprees, which was another violation of his probation; and that he had gone into another state and passed worthless checks, an offense similar to the one in which he had entered his plea of "nolo contendere."

In all respects the court was correct in denying his petition to vacate the sentence and to grant him a new trial. We note that although Boyle is in this court pro se, he did not request counsel to represent him here. He

was, however, represented by counsel at the evidentiary hearing on his 35 (b) petition.

The judgment is affirmed.

MR. JUSTICE McWILLIAMS not participating.